# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC *et al.*,[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |
| | ) | |
| Squirrels Research Labs, LLC, | ) | Adv. Case No. 22-6003 |
| | ) | |
| Plaintiff, | ) | Judge Russ Kendig |
| | ) | |
| vs. | ) | |
| | ) | **AMENDED ANSWER TO** |
| Fleur-de-Lis-Development, LLC, et. al.[2] | ) | **COUNTERCLAIM** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff-Counterclaim Defendant, Squirrels Research Laboratories LLC ("Squirrels"), responds to Defendant-Counterclaim Plaintiff Fleur-de-Lis-Development LLC's ("FDLD") Counterclaim as follows:

1. Squirrels admits the averments in paragraph 1 of the Counterclaim.

2. Squirrels admits the averments in paragraph 2 of the Counterclaim.

3. Squirrels admits the averments in paragraph 3 of the Counterclaim.

4. In response to the allegations in paragraph 4, Squirrels admits it is an Ohio limited liability company with its principal place of business in North Canton, Stark County, Ohio, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

[2] The other defendants are Rocco Piacentino and Cynthia Heinz.

that it is a world-leader in "blockchain" technology, including hardware and software used for "cryptocurrency" mining. Squirrels denies the remainder of the allegations in that paragraph.

5. In response to the allegations in paragraph 5, Squirrels admits that FDLD is an Ohio limited liability company that holds itself out as a venture capital investor. Squirrels denies the remainder of the allegations in that paragraph.

6. In response to the allegations in paragraph 6, Squirrels admits that FDLD and Squirrels contemplated a business relationship as set forth in that certain Letter of Intent ("LOI"), an authentic copy of which was attached as Exhibit "A" to the Complaint, and that certain Membership Interest Purchase Agreement ("Purchase Agreement"), an authentic copy of the Purchase Agreement was attached as Exhibit "B" to the Complaint. Squirrels denies the remainder of the allegations in that paragraph.

7. In response to the allegations in paragraph 7, Squirrels admits that the Purchase Agreement contains the terms of the agreement between FDLD and Squirrels. Squirrels denies the remainder of the allegations in that paragraph.

8. In response to the allegations in paragraph 8, Squirrels admits it entered the LOI with FDLD on November 17, 2020, and that the terms of the LOI, which is attached to the Complaint as Exhibit "A", speak for themselves. Squirrels denies the remainder of the allegations in that paragraph.

9. In response to the allegations in paragraph 9, Squirrels admits it entered the Purchase Agreement with FDLD on December 31, 2020, and that the terms of the Purchase Agreement, which is attached to the Complaint as Exhibit "B", speak for themselves. Squirrels denies the remainder of the allegations in that paragraph.

10. In response to the allegations in paragraph 10, Squirrels admits that the Purchase Agreement contains all of the terms of the agreement between FDLD and Squirrels. Squirrels denies the remainder of the allegations in that paragraph.

11. In response to the allegations in paragraph 11, Squirrels admits that the Purchase Agreement contains all of the terms of the agreement between FDLD and Squirrels. Squirrels denies the remainder of the allegations in that paragraph.

12. In response to the allegations in paragraph 12, Squirrels admits that the Purchase Agreement contains all of the representations and warranties that Squirrels made to FDLD. Squirrels denies the remainder of the allegations in that paragraph.

13. In response to the allegations in paragraph 13, Squirrels admits that the Purchase Agreement contains all of the representations and warranties that Squirrels made to FDLD. Squirrels denies the remainder of the allegations in that paragraph.

14. In response to the allegations in paragraph 14, Squirrels admits that the Purchase Agreement contains all of the representations and warranties that Squirrels made to FDLD. Squirrels denies the remainder of the allegations in that paragraph.

15. In response to the allegations in paragraph 15, Squirrels admits that it made complete and accurate disclosures of its financial position to FDLD and that any future projections were made in good faith based on the information available at the time. Squirrels denies the remainder of the allegations in that paragraph.

16. Squirrels denies the allegations in paragraph 16 of the Counterclaim.

17. Squirrels denies the averments in paragraph 17 of the Counterclaim.

18. Squirrels denies the allegations in paragraph 18 of the Counterclaim.

19. Squirrels denies the allegations in paragraph 19 of the Counterclaim.

20. Squirrels denies the averments in paragraph 20 of the Counterclaim.

21. Squirrels denies the allegations in paragraph 21 of the Counterclaim.

22. Squirrels denies the allegations in paragraph 22 of the Counterclaim.

23. Squirrels denies the averments in paragraph 23 of the Counterclaim.

24. In response to the allegations in paragraph 24, Squirrels admits that it contacted a certain creditor, after FDLD breached the Purchase Agreement, to attempt to salvage the business relationship, resolve the debt, and to inform the creditor that FDLD's representations and allegations were false. Squirrels denies the remainder of the allegations in that paragraph.

25. Squirrels denies the allegations in paragraph 25 of the Counterclaim.

26. In response to the allegations in paragraph 26, Squirrels admits that the Purchase Agreement contains all of the terms of the agreement between FDLD and Squirrels. Squirrels denies the remainder of the allegations in that paragraph.

27. In response to the allegations in paragraph 27, Squirrels incorporates its responses to paragraphs 1 through 26 as if fully set forth herein.

28. Squirrels denies the allegations in paragraph 28 of the Counterclaim.

29. Squirrels denies the allegations in paragraph 29 of the Counterclaim.

30. Squirrels denies the allegations in paragraph 30 of the Counterclaim.

31. Squirrels denies the allegations in paragraph 31 of the Counterclaim.

32. Squirrels denies the allegations in paragraph 32 of the Counterclaim.

33. In response to the allegations in paragraph 33, Squirrels incorporates its responses to paragraphs 1 through 32 as if fully set forth herein.

34. In response to the allegations in paragraph 34, Squirrels admits that the Purchase Agreement was valid and binding when signed, and that FDLD's breach relieved Squirrels of

any duties under that agreement. Squirrels denies the remainder of the allegations in that paragraph.

35. Squirrels denies the allegations in paragraph 35 of the Counterclaim.

36. Squirrels denies the allegations in paragraph 36 of the Counterclaim.

37. Squirrels denies the allegations in paragraph 37 of the Counterclaim.

38. Squirrels denies the allegations in paragraph 38 of the Counterclaim.

39. Squirrels denies the allegations in paragraph 39 of the Counterclaim.

40. In response to the allegations in paragraph 40, Squirrels incorporates its responses to paragraphs 1 through 39 as if fully set forth herein.

41. In response to the allegations in paragraph 41, Squirrels admits that is disclosed its financial circumstances to FDLD in connection with the Purchase Agreement. Squirrels denies the remainder of the allegations in that paragraph.

42. In response to the allegations in paragraph 42, Squirrels admits that it had and disclosed accurate information about its financial condition. Squirrels denies the remainder of the allegations in that paragraph.

43. Squirrels denies the allegations in paragraph 43 of the Counterclaim.

44. Squirrels denies the allegations in paragraph 44 of the Counterclaim.

45. Squirrels denies the allegations in paragraph 45 of the Counterclaim.

46. Squirrels denies the allegations in paragraph 46 of the Counterclaim.

47. Squirrels denies the allegations in paragraph 47 of the Counterclaim.

48. In response to the allegations in paragraph 48, Squirrels incorporates its responses to paragraphs 1 through 47 as if fully set forth herein.

49. In response to the allegations in paragraph 49, Squirrels admits that the Purchase Agreement contains all of the terms of the agreement between FDLD and Squirrels. Squirrels denies the remainder of the allegations in that paragraph.

50. Squirrels denies the allegations in paragraph 50 of the Counterclaim.

51. Squirrels denies the allegations in paragraph 51 of the Counterclaim.

52. Squirrels denies the allegations in paragraph 52 of the Counterclaim.

53. Squirrels denies the allegations in paragraph 53 of the Counterclaim.

54. In response to the allegations in paragraph 54, Squirrels incorporates its responses to paragraphs 1 through 53 as if fully set forth herein.

55. Squirrels denies the allegations in paragraph 55 of the Counterclaim.

56. Squirrels denies the allegations in paragraph 56 of the Counterclaim.

57. Squirrels denies the allegations in paragraph 57 of the Counterclaim.

58. Squirrels denies the allegations in paragraph 58 of the Counterclaim.

59. Squirrels denies any allegations not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

1. FDLD has failed to state a claim upon which relief can be granted.

2. FDLD failed to mitigate its damages.

3. FDLD's claims are barred by the doctrine of unclean hands.

4. FDLD's claims are barred in whole or in part by the applicable statute(s) of limitations.

5. FDLD's claims are barred in whole or in part by the statute of frauds.

6. FDLD's claims are barred in whole or in part due to lack of consideration.

7. FDLD's claims are barred in whole or in part due to failure of consideration

8. Some of FDLD's claims are barred by the doctrine of laches.

9. Some of FDLD's claims are barred by the doctrine of waiver.

10. Some of FDLD's claims are barred by the doctrine of estoppel.

11. FDLD's alleged damages were caused by its' own acts or omissions.

12. FDLD's alleged damages were caused by the acts or omissions of third parties.

13. FDLD's claims are barred to the extent that Squirrels is entitled to setoff from FDLD.

WHEREFORE, Plaintiff-Counterclaim Defendant, Squirrels Research Laboratories LLC respectfully requests that the Court enter judgment in its favor and against Defendant-Counterclaim Plaintiff Fleur-de-Lis-Development LLC, and award it the costs of defending this action (including reasonable attorneys' fees), as well as any other relief favorable to Squirrels that the Court deems warranted.

Dated: April 27, 2022

Respectfully submitted,

/s/ *Nicholas P. Capotosto*
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
Nicholas P. Capotosto (0076436)
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com
ncapotosto@brouse.com

*Counsel for the Debtors*
*and Debtors-in-Possession*

# CERTIFICATE OF SERVICE

I, Nicholas P. Capotosto, hereby certify that on April 27, 2022, a true and correct copy of the *Amended Answer to Counterclaim* was served via the court's Electronic Case Filing System on these entities and individual who are listed on the court's Electronic Mail Notice List:

John C. Cannizzaro on behalf of Interested Party Instantiation LLC at John.Cannizzaro@icemiller.com, lauren.prohaska@icemiller.com

Christopher Paul Combest on behalf of Creditor Avnet, Inc. at christopher.combest@quarles.com

John G. Farnan on behalf of Creditor Cincinnati Insurance Company at jfarnan@westonhurd.com

Robert E. Goff, Jr. on behalf of Creditor Cincinnati Insurance Company at rgoff@westonhurd.com, jroberts@westonhurd.com

Steven Heimberger on behalf of Interested Party SCEB, LLC at sheimberger@rlbllp.com, HeimbergerSR82735@notify.bestcase.com

Jeannie Kim on behalf of Interested Party Instantiation LLC at JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com

Marc Merklin on behalf of Debtor Squirrels Research Labs LLC at mmerklin@brouse.com, tpalcic@brouse.com;mmiller@brouse.com

David M. Neumann on behalf of Creditor Envista Forensics, LLC d/b/a AREPA dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

David M. Neumann on behalf of Creditor Torea Consulting Ltd. at dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

Christopher Niekamp on behalf of Creditor Better PC, LLC at cniekamp@bdblaw.com

Paul J. Schumacher on behalf of Interested Party Ohio Power Company dba American Electric Power at pschumacher@dmclaw.com, tgross@dmclaw.com

Frederic P. Schwieg at fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Trustee Frederic P. Schwieg at fschwieg@schwieglaw.com

Bryan Sisto on behalf of Creditor Carl Forsell at bsisto@fbtlaw.com

Richard J. Thomas on behalf of Creditor Premier Bank at rthomas@hendersoncovington.com, dciambotti@hendersoncovington.com

Joshua Ryan Vaughan on behalf of Creditor Ohio Bureau of Workers Compensation at jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com

Julie K. Zurn on behalf of Debtor Squirrels Research Labs LLC at jzurn@brouse.com, tpalcic@brouse.com

Kate M. Bradley ust44 on behalf of U.S. Trustee United States Trustee at kate.m.bradley@usdoj.gov

And by regular U.S. Mail on April 27, 2022, on the following:

Instantiation LLC
c/o Jason R. Schendel
Sheppard, Mullin, Richter & Hampton LLP
4 Embarcadero Center, 17th Flr
San Francisco, CA 94111

/s/ Nicholas P. Capotosto
Nicholas P. Capotosto (0076436)
BROUSE McDOWELL, L.P.A.
388 S. Main Street, Suite 500
Akron, Ohio 44311-4407
(330) 535-5711
ncapotosto@brouse.com